UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| WILLIAM BERUBE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:13-cv-299-GZS |
| | ) | |
| WARDEN, DOWNEAST | ) | |
| CORRECTIONAL FACILITY | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION FOR TRANSCRIPTS AND
OPTIONAL SUPPLEMENTAL BRIEFING**

William Berube has filed a petition (ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging a probation revocation that followed his judgment of conviction, in state court, of theft by unauthorized taking and criminal trespass. State of Maine v. William Berube, MACSC-CR-2011-00114 (Me. Super. Ct., Was. Cnty, Feb. 17, 2012). (State Court Record at 11, ECF No. 11.) Berube's section 2254 petition concerns the probation revocation and asserts claims for ineffective assistance of counsel, judicial bias, excessive drug testing in violation of the conditions of probation, and lack of a meaningful post-deprivation remedy in violation of the 14th Amendment.

On the same date as he filed his section 2254 petition, Berube filed the pending motion for transcripts of the probation revocation proceedings. (Motion, ECF No. 2.) I ordered the State to respond to the petition. In its response, the State informed the court that it had requested a transcript of the hearing held on February 25, 2013, and will file the transcript when it is ready. (State's Response at 3 n.1, ECF No. 5.) Nevertheless, the State argued in its response that the transcript was not necessary, as the petition should be dismissed because Berube failed to

exhaust his claims in state court. (State's Response at 3.) Thus, the state's only defense is exhaustion.

I conclude that I will need the transcripts of the probation revocation hearings in order to recommend a decision on Berube's section 2254 petition. The remainder of this order explains the procedural status of the case and the process I have ordered for the filing of the transcripts and optional supplemental briefing by the parties.

## Facts and Procedural History

The state court record reveals that Berube pleaded guilty and was convicted and sentenced on February 17, 2012. (Record at 11.) He was sentenced to thirty months of imprisonment on count one for theft by unauthorized taking or transfer and to 120 days of imprisonment on count two for criminal trespass. The sentence on count two was to be served concurrently with the sentence on count one. (Record at 11.) The state court ordered that all but 120 days of the term of imprisonment be suspended and that Berube receive two years of probation subject to certain special conditions, one of which was that he not possess or use unlawful drugs. (Record at 5.)[1] Berube did not appeal the judgment and did not seek permission to appeal the sentence.

Three motions for probation revocation were filed in the Superior Court. The first motion was filed in October 2012. That motion alleged that on or about October 12, 2012, Berube used an opiate, marijuana, methadone, and benzodiazepine. (Record at 14.) It was supported by an affidavit from the probation officer stating that an officer with the Baileyville

---

[1] There appears to be a mathematical discrepancy in the sentencing. A 30-month term, minus four months of an unsuspended term, leaves twenty-six months as the suspended term. The term of probation was two years. At the revocation hearing Berube claims he was ordered to serve the balance of his suspended sentence, but the actual revocation was for a period of 24 months, meaning that the entire balance of the sentence was not revoked. It does appear probation was terminated with the revocation, thus resulting in a two-month "gift" to Berube.

Police Department had stopped a vehicle in which Berube was a passenger. (Record at 15.) The affidavit stated that the officer who stopped the vehicle required Berube to be tested for drug use, and the result was positive for the drugs listed on the State's first probation revocation motion.

The affidavit added the following allegations: Berube admitted to the use of opiates but told the officer he had a prescription. His physician and pharmacy, designated pursuant to the pharmacy conditions identified as part of the special probation conditions, told the probation officer that Berube had been prescribed oxycodone in June 2012. In mid-July, Berube tested positive but told the probation officer that he had just taken the last of the oxycodone and had no more left. Berube tested negative in August 2012. (Record at 15.) As to the positive marijuana test result, Berube said he had been in contact the day before with someone who had a legal prescription for medical marijuana. Berube told the officer he was baffled over the positive test for methadone. Berube did not address the positive result for benzodiazepine. (Record at 15.) The probation officer's violation review form included a recommendation for a partial revocation at that point. (Record at 17.)

It appears from the handwritten notes on the first motion that Berube denied the charge at the initial appearance in October 2012. (Record at 14.) The court granted Berube's motion for appointment of counsel, and it appears that the court appointed the same attorney as Berube had when he pleaded to the underlying criminal charges. (Record at 7, 14.) At the probation revocation hearing held on December 17, 2012, Berube admitted that he had violated his probation conditions. (Record at 8.) The court continued the hearing, thus leaving for later determination what if any portion of the suspended sentence Berube would be required to serve. (Record at 8.)

The second motion was filed on December 17, 2012. That motion alleged that Berube illegally used an opiate on or about November 13, 2012. (Record at 8, 18.) Berube denied the charge at his initial appearance on December 17, 2012. (Record at 8.) In January 2013, the hearing was continued to February 25, 2013. (Record at 8.)

Meanwhile, the third motion was filed on February 20, 2013. (Record at 8.) That motion alleged that Berube illegally used both morphine and codeine on or about February 5, 2013, and that he illegally used morphine again on or about February 19, 2013. (Record at 19.) The probation officer represented that this violated both probation and bail conditions. (Record at 20.) The probation officer's affidavit states that Berube contested the positive results of the urine screening drug test for morphine, but when the sample was subsequently sent to an out-of-state laboratory, it tested positive for both morphine and codeine. (Record at 21.) The affidavit states that on February 19, 2013, Berube admitted at the probation office that he had used morphine the day before. (Record at 21.) Berube's initial appearance was held on February 22, 2013, but no plea is indicated on the docket sheet. (Record at 8.)

At the hearing on February 25, 2013, Berube appeared with counsel. (Record at 22.) The court heard the second and third motions as well as the issue of the term to be served as to all three motions. (Record at 22.) The court noted in its order that Berube admitted to violations of one or more of the conditions of probation. It revoked probation and ordered Berube to serve twenty-four months. (Record at 22.)

Berube filed a petition for state court post-conviction review in May 2013. (Record at 24.) On June 27, 2013, the state court entered a summary dismissal of Berube's post-conviction petition on the basis that it related to probation revocation and was therefore outside the jurisdiction of Maine's post-conviction review statute, 15 M.R.S. § 2121(2). (Record at 28.)

Berube represents in his section 2254 petition that he filed a notice of appeal in state court of the summary dismissal of his state post-conviction petition. (Petition at 5; Reply at 2, ECF No. 6.) However, the docket sheet for the post-conviction review contains no entry for a notice of appeal of the summary dismissal. (Record at 23.)

Berube filed his section 2254 petition in this court in August 2013. He asserts ineffective assistance of counsel in the probation revocation proceedings, and he asserts that his procedural default was due to ineffective assistance of counsel. (Petition at 5, 10.) He alleges that his attorney promised him that he would receive a nine-month partial probation revocation in exchange for his admission of the probation violations. He alleges that his decision to admit to them was a direct result of poor advice from counsel. He also alleges that the attorney failed to adequately investigate the probation violations and failed to object to the continuance of the hearing, which resulted in the cumulative and prejudicial effect of having multiple alleged violations addressed in a single hearing. (Petition at 5.) Berube's petition essentially alleges that he was either not advised or poorly advised on the discretionary appeals process for probation violations. (Petition at 10.)

## Discussion

I have reviewed the petition and response and have determined that it would be helpful to review the transcripts from three probation revocation court appearances in this case. These took place on December 17, 2012, which was the hearing on the first motion; February 22, 2013, which appears to have been Berube's initial appearance on both the second and third motions; and February 25, 2013, which was the hearing involving all three motions. I therefore grant Berube's motion for transcripts and order the State to file all three transcripts on a single date, as soon as possible but not before all are completed. If the transcripts have not been completed by

February 1, 2014, I order the State to file a status report on February 1, 2014, concerning the status of the transcripts and when they are expected to be completed and filed.

If the parties would like to file supplemental briefing concerning the issues raised by the probation revocation hearings, they each may file a brief of not more than ten pages. In their supplemental briefs, they should reference the relevant transcript pages that they assert support their arguments. The State's typewritten ten pages must be double-spaced. If Berube's supplemental brief is hand-written in the same legible style as his reply (ECF No. 6), his supplemental brief may be not more than ten pages but may be single-spaced. The filing deadline for both the State and Berube will be twenty-one days after the date on which the transcripts are filed. No further filings will be permitted.

## Conclusion

Berube's motion for transcripts is granted. The State is ordered to file transcripts for the hearings held on December 17, 2012, February 22, 2013, and February 25, 2013. The filing of the transcripts is to be made on a single date, as soon as possible after all of the transcripts are completed. If the transcripts have not been completed by February 1, 2014, I order the State to file a status report on February 1, 2014, as described above. The State and Berube are permitted but not required to file one supplemental brief, as described above. The deadline for the supplemental briefs will be twenty-one days after the date on which the transcripts are filed.

*So Ordered.*

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 4, 2013